OVERSEERS OF THE POOR OF BROOKFIELD, *vs.* OVERSEERS OF THE POOR OF HARTLAND.

A tenant in dower cannot be removed as a pauper from lands which she occupies as tenant in dower.

This may be taken advantage of, on a motion to quash the order of removal.

This was an appeal from an order of removal of Phebe Hatch and three of her children from the town of Brookfield to Hartland, made on the 5th day of September, 1833,—and the removal actually made as appears by the officer's return on the 27th day of the same September. In the county court a motion was made to quash the proceedings by the defendant's counsel, assigning for reasons:

1st. That the said Phebe Hatch and family were not likely to become chargeable to the town of Brookfield.

It was proved by the defendants, that said Phebe Hatch was possessed as tenant by dower of a small house, shop, and a small piece of land in said Brookfield, estimated to be worth eighty dollars—and also was the owner of a cow, a hog, and various articles of household furniture, to the value of about eighty dollars—all situated in said Brookfield, and all in her possession at the time of her removal. It was proved on the part of the plaintiffs, that the said Phebe had actually applied to the overseers for assistance—and that they had furnished her with one bushel of corn at the expense of the town.

Under this statement of facts, the counsel for the defendants asked the court to decide that the law was such that the said Phebe was not liable to be removed, and was not likely to become chargeable till such time as her said property had become expended or reduced for her support. But the court refused so to decide.

OF THE STATE OF VERMONT.

ORANGE,
March,
1834.

Brookfield.
vs.
Hartland.

2d. That said proceedings should be quashed because it does not appear by the officer's return upon the warrant of removal, by whom the copy of the order of removal which he left with the overseers of Hartland was attested.

The counsel for the plaintiffs then offered to show by parol testimony, that the said copy of the order of removal, was attested by the justices making the said order.

To this the counsel for the defendants objected—but the court overruled the objection, and decided upon both the aforesain reasons, that the said proceedings ought not to be quashed.

The counsel for the defendants then plead the general issue, that the said Phebe Hatch and family were unduly removed, because her last place of legal settlement was not in Hartland —and issue joined by the plaintiffs, to the court.

And upon this plea a statement of facts was agreed to, to wit: that Justus Hatch lived in Hartland more than twenty years before June, 1817—and continued to reside in said Hartland the whole of the aforesaid term of twenty years or more, till the said month of June, 1817—and then moved with his family, wife and children, to Roxbury in this state: that the said Justus in June, 1817, when he moved from said Hartland to said Roxbury, was more than twenty-five years of age: that said Justus lived in said Roxbury with his family till May, 1825, when he moved with his family into said Brookfield, and continued to reside with his family in said Brookfield, till October, 1831—when the said Justus deceased, leaving a widow and several children, who continued to reside in said Brookfield till September, 1833, when the said widow and three children, named in said order of removal, were removed to Hartland from said Brookfield.

Under this statement of facts, it was agreed, that if the said Phebe had not gained a legal settlement in said Brookfield, the judgment to be for plaintiffs. If they had gained a legal settlement, then judgment to be for defendants.

And upon this statement of facts, the court decided that the said Phebe had not gained a legal settlement in said Brookfield.

To this decision the defendant excepted; exceptions allowed and certified, and the cause comes here for further adjudication.

ORANGE,
March,
1834.

Brookfield
vs.
Hartland.

*W. Hebard for defendants.*—1. It is contended that Phebe Hatch was not likely to become chargeable to the town of Brookfield, because she was a *freeholder.*

This doctrine is fully settled in the case *Londonderry* vs. *Acton.*—Vt. Rep. Vol. 3 page 122.

In this case and the one at bar, there is no shade of difference, except the fact, that in the case at bar, the freeholder is a woman instead of a man ; and one other fact, that in this case the freehold estate consists in dower, instead of being an estate in fee.

Still it is believed that neither of these facts conflicts at all with the doctrine in the case cited.

In the case *Middletown* vs. *Paulet,* 4 Vt. Rep. p. 202, the same doctrine is recognized—a bare freehold is all that is contemplated without any reference to whom the fee belongs.

2. It is contended that said proceedings ought to be quashed because it does not appear by the officer's return, by whom the order of removal was attested, that he left with the overseers of Hartland.

All the duties performed by an officer, should distinctly appear from his return, and if any thing was done by him that does not appear from his return, it is sometimes proper to allow that officer to amend his return—but the plaintiff is never allowed to introduce parol testimony to prove that the service was properly made. From this return it does not appear by whom the copy of the order was attested, or by whom made, unless it appears that it was attested by the officer, and we suppose this does appear substantially. He says that he left a true and attested copy of the warrant,—this should be attested by the officer—and if it does appear that the copy of the order of removal was also attested by the officer.

*Smith and Peck for plaintiffs.*—1. The decision of the county court ought not to be disturbed, because the defendants moved the court to quash the proceedings, and tendered no issue and put in no plea on which issue could be joined, but move the court to quash the proceedings, and assign for reasons, first, that the said Phebe Hatch and family were not likely to become chargeable to the town of Brookfield. If it should be said that this case compares in some respects to the case of *Londonderry* vs. *Acton,* (3 Vt. Rep. 122) it will be noticed that in that case a proper issue was tendered by way of plea,

ORANGE,
March,
1834.

Brookfield
vs.
Hartland.

and issue joined to the jury. No such issue was tendered or could be taken in this case.—2 Vt. Rep. 205.

2. The second reason assigned for quashing the proceedings, was that it did not appear by the return of the officer removing the pauper, by whom the copy of the order of removal was attested, the decision of the county court was right on this, point.—vide *Waterford* vs. *Brookfield*, 2 Vt. Rep. 206.

The motion to quash being decided against the defendants, they then tender an issue on the merits which bring in question the settlement of the pauper in Hartland at the time of her removal. The case shows that her legal settlement was in Hartland, unless she had gained a subsequent settlement in Brookfield, and if she has gained a settlement in Brookfield, she must have gained it under the 8th article of the first section of the act of the 4th of November, 1817, since the 21st day of October, 1823. (vide comp. stat. 382, 285, sec. 1.) The case shows that Justus Hatch, the husband of the said Phebe, moved with his family into Brookfield, in the month of May, 1825, and continued to reside in Brookfield with his family till October, 1831, when he died, leaving the said Phebe a widow, who continued to reside in Brookfield till September, 1833, when she was removed to Hartland by the order in question. Now the said Justus at the time of his death had gained no settlement in Brookfield, of course his wife acquired none under him, and she has not lived in Brookfield long enough since the death of her husband to acquire a settlement in her own right, and she could not acquire a settlement partly from her husband and partly in her own right, but must be able to make a complete settlement in the one right or the other.—The inhabitants of Athol vs. the inhabitants of Watertown, 7 Pickering's Rep. 42.

The opinion of the court was pronouced by

WILLIAMS, CH. J.—The question to be decided in this case, was considered and decided in the case of *Londonderry* vs. *Acton.*—3 Vt. Rep. 122. The authority of that case was recognized in the case of *Middletown* vs. *Pawlet*, 202. A person cannot be removed as a pauper, from his freehold. In examining the cases where this principle has been mentioned, the case of a tenant in dower is found to be one. From the cases decided, it is manifest that the pauper in question, was not liable to be removed from the house and land which

she occupied as tenant in dower. The only question is, whether this fact can be taken advantage of, on a motion to quash. The case of *Corinth* vs. *Bradford,* 2 Aik. 120, warrants this mode of presenting the question. The appellant might also have presented the same question by way of plea, but still this way is equally proper. In the case of the *King* vs. the inhabitants of *Houghton,* 1st of East 247, and also in the case of the *King* vs. the inhabitants of *Mailly,* 5 East 40, the orders of removal were quashed because the paupers were owners of, or residing on their freehold estates. In the cause under consideration, it is an admitted fact, as appears in the case, that the person removed was the owner of a freehold estate, and of course, was not a subject of the compulsive charity, provided by statute for those who are unable to support themselves until that property was expended. The order of removal must therefore be quashed. The other question in relation to her settlement, it is not necessary to decide, though we are inclined to the same opinion which the court intimated in the case of *Barnet* vs. *Concord,* 4 Vt. Rep. 571, that no settlement was gained by the pauper in Brookfield.