NAPOLEON LUCE v. EDWIN HOISINGTON.

*Double Plea.*

A plea setting forth two full defences is double and bad on demurrer ; thus, a plea to an action of trespass for taking an ox, alleging that the ox was turned out by the plaintiff for attachment, and, also, an accord and satisfaction after the taking, is double.

TRESPASS for taking an ox. Heard on demurrer to the defendant's plea, December Term, 1882, TAFT, J., presiding. Demurrer overruled. As to turning out the ox for attachment the plea alleged :

And that afterwards, to wit, on the same 15th day of March, A. D.1880 this defendant, as constable aforesaid, went with said writ to the place where the said plaintiff, Napoleon Luce, was then stopping in said Hartland, and where the plaintiff then had in his possession said ox in said declaration mentioned, and this defendant then and there exhibited said writ to said plaintiff, Napoleon Luce, and informed said plaintiff of the tenor and effect thereof, and thereupon the said plaintiff then and there turned out the said ox and certain other property to be taken and attached on said writ, and this defendant immediately afterwards at said Hartland, on said 15th day of March, A. D.1880, by virtue of said writ and by the consent of the said Luce attached said ox and certain other personal property of said plaintiff upon said writ and took and retained the actual custody of said ox and said other personal property by virtue of said attachment and consent until the 10th day of May, A. D. 1880, as hereinafter set forth, at a large expense therefor to this defendant, to wit, eight dollars.

And this defendant further avers that afterwards, to wit, on the said 12th day of April. A. D. 1880, the said justice issued a writ of execution in favor of said Adams against the said Luce in due form of law. . . .

The plea then alleges the accord and satisfaction, as stated in the opinion of the court.

*Norman Paul,* for the plaintiff.

The defendant's plea in bar is double ; it sets forth two distinct grounds of defence, and is therefore bad. 3 Bl. Com. 311 ; 1 Chit. Pl. 226, 532 ; Gould Pl. 390 ; 7 Bac. Abr. p. 644 ; 10 Vt. 412 ; 26 Vt. 397 ; 37 Vt. 127 ; 40 Vt. 526 ; 7 Wend. 129.

Luce *v.* Hoisington.

*Gilbert A. Davis*, for the defendant.

What is alleged about the ox having been turned out upon the writ is merely inducement to the gist of the plea which is the accord and satisfaction, and the different facts form together but one proposition. 1 Chit. Pl. (3d Am. Ed.) 227 ; *Torrey* v. *Field*, 10 Vt. 372, 411, 412.

A plea may contain as many facts as are necessary to constitute one defence, and is not on that account double. *Patcher* v. *Sprague*, 2 Johns. 462 ; *Vaughan* v. *Evarts*, 40 Vt. 530 ; *Mott* v. *Hazen & Sowles*, 27 Vt. 208, 214.

The opinion of the court was delivered by

Ross, J. The only defect in the defendant's plea in bar now insisted upon is that it is double, in that it sets forth two full defences to the action. If this be so, it is bad on demurrer.

The statute exempting certain personal property from attachment and levy of execution, R. L. s. 1556, provides that property shall be exempt " unless turned out to the officer to be taken on the attachment or execution by the debtor." The plea alleges that the defendant was at the date of the alleged trespass an of-ficer, having a writ in his hands for service against the plaintiff, commanding him to attach the property of the plaintiff thereon, and that, while serving the writ on the plaintiff, the plaintiff " turned out " the ox in contention to be taken and attached on the writ, which ox he kept by virtue of the attachment so made and the consent of the plaintiff, until after recovery of judgment in the suit, in which the attachment was made, and the seasonable charging of the ox on the execution issued on such judgment when the plaintiff paid the defendant the damages and costs of that suit, whereupon the defendant delivered the ox back to the plaintiff. These facts alone, if established, furnish a full defence for the taking and detention of the ox, which the plea alleges are the same supposed trespasses mentioned in the declaration.

The plea, in addition to the above facts, also sets forth that on the occasion when the plaintiff paid the defendant the damages and costs recovered in the suit in which the ox had been attached, the plaintiff claimed that the ox was exempt from such attachment,

Luce *v.* Hoisington.

and that he, the defendant, claimed that the ox had been lawfully attached and held on the writ and execution, and that he settled and adjusted the claim of the plaintiff made in that behalf, by throwing in his charges for keeping the ox, and thereupon the plaintiff received back the ox and other property attached in " full satisfaction and discharge of the said supposed trespasses, and of all damages sustained thereby." These facts, if proven, are a full defence of the trespasses complained of. We think the plea was double and obnoxious to the defect complained of by the plaintiff. The plaintiff could not safely traverse the plea without being liable to meet proof of either or both of the two full defences set forth in the plea. The plea is distinguishable from the fourth plea in *Torrey* v. *Field*, 10 Vt. 353. In that case it was necessary to allege the truth of the facts claimed to be libelous, in order that their publication under the order of the chancellor even might be privileged. If the defendant had obtained under an order of the chancellor the publication of libelous falsehoods, such publication would furnish him no justification. Hence, the allegation that the matter published was true, was necessary to make their publication under the order of a chancellor a justification. There were not two full defences disclosed by the plea. In this case it was not necessary for the defendant to allege that the plaintiff turned out the ox to him to be taken on the writ to have the other facts alleged furnish a full defence, nor to allege the accord and satisfaction in aid of the turning out the ox to be attached. Each defence is independent of and complete without alleging the other, and so the plea tenders two full defences to the action.

The judgment of the County Court is reversed, and judgment rendered that the plea in bar is insufficient, and cause remanded to be proceeded with in County Court.