## TOWN OF ANDOVER v. TOWN OF MOUNT HOLLY.

*Pauper. Removal. Pleading. Duplicity.* R..L. s. 2833.

1. A plea in a pauper case, which contains two separate and distinct defences, namely: that the pauper did not have a legal settlement in the defendant town; and that he "has not, and is not liable to, become chargeable" to the plaintiff town, is bad on demurrer for duplicity.
2. SURPLUSAGE. Immaterial matter in the plea is treated as surplusage.

APPEAL by the town of Mount Holly from an order of removal of one Adelbert Taft from the town of Andover to the town of Mount Holly. Heard on demurrer to the defendant's plea, December Term, 1885, TAFT, J., presiding. Demurrer sustained.

Plea: "And defends, etc., and says that the said Taft was unduly removed from said town of Andover to said town of Mount Holly, because he says, that the legal settlement of the said Taft was not at the time of said order of removal, and is not now, in the said town of Mount Holly, and that said Taft has not, and is not liable to become chargeable to said town of Andover, as a pauper, and this the said appellant is ready to verify. Wherefore he prays judgment."

The defendant demurred specially, setting forth: (1) That the plea is double and uncertain; (2) that two separate and distinct defences were contained in the same plea; (3) that the defendant undertakes to make an immaterial issue, by alleging that the said Taft " is not liable to become chargeable to said town of Andover as a pauper "—thus undertaking to make an issue referring to the time of filing said plea, and not to the time of the making of said order of removal; (4) that said defendant in said plea undertakes to make an

immaterial issue by alleging that the legal settlement of the said Taft "is not now in the said town of Mount Holly" —thus undertaking to make an issue referring to the time of filing said plea and not to the time of making said order of removal.

*Davis & Enright,* for the plaintiff.

*J. C. Baker,* for the defendant.

The opinion of the court was delivered by

ROYCE, Ch. J. This is an appeal from an order of removal of a pauper. The order sets forth the substantive facts upon the finding of which it is based, viz.: That the pauper "has come to reside in" and "is chargeable to said town of Andover," and that he "has his legal settlement in said town of Mount Holly." The concurrence of these facts is necessary to support the order of removal. R. L. ss. 2833, 2834. The failure to sustain the finding of either of said facts by the justices, on appeal, would result in the quashing of the order. The order of removal, therefore, comes up to the County Court as the statement of facts upon which the appellee bases the right to a judgment. It is in substance the same as a declaration; it is the formal allegation of the facts necessary to make out the right of the party presenting it to the judgment he seeks to obtain. We can see no reason why the common-law rules should not be applied to the pleadings of which this order is the beginning, and such, we think, has been the doctrine and practice in this State, as is indicated in the cases referred to in Roberts's Digest, p. 517.

As the omission of either of the substantive facts, *i. e.,* that the pauper has, or is likely to, become chargeable to one town, having come to reside therein, or that his legal settlement is in the other, would necessarily make the order fatally defective; so a plea putting either of those facts in issue would present a complete defence. The single plea

of the appellant in this case tenders issue upon the fact that the pauper had become chargeable, and also the fact of his legal settlement. The two are entirely independent and have no connection with, or relation to, each other, by all the rules and tests of common-law pleading; the plea is therefore bad for duplicity. 1 Chit. Pl. 230, 512; Gould Pl., c. 8, ss. 1, 4, 19; *Luce* v. *Hoisington*, 55 Vt. 341.

It is obvious that this conclusion must result from the application of a very common test of duplicity—the question, do the two things pleaded require different answers?—but in addition to this we have the decision in *Corinth* v. *Bradford*, 2 Aik. 120, which assigns them to different classes of pleas, holding that the issue whether chargeable, or likely to become chargeable, should be raised by motion to quash or plea in bar, while that of the legal settlement is the subject of the proper plea to the merits.

The third and fourth grounds of demurrer are not sustained, as the matter referred to would be treated as mere surplusage; but upon the first and second grounds the judgment sustaining the demurrer is affirmed, and cause remanded with leave to the appellant to re-plead on the usual terms.